CORNELIUS MILLER *vs.* JULIUS M. LYON.

In taxing costs, the witnesses' certificates of their travel and attendance are not conclusive ; and costs for witnesses should not be allowed, unless, upon all the evidence introduced before the clerk, or before the court on appeal from the clerk's taxation, it appears that they were paid, or actually attended, so as to be entitled to their fees, in the case in question, and that their attendance was reasonably and in good faith procured by the party making the taxation.

TORT for assault and battery. At the hearing in the superior court, before *Putnam*, J., it appeared that the plaintiff had brought several actions against different persons for an assault and battery, in all of which he became entitled to his costs. The clerk's docket showed, (though this fact was not reported,) that only one of the cases was tried, and the residue were adjusted by an agreement between the parties. The witnesses, whose fees were taxed against the defendant in each case, were duly summoned and paid in one case. They signed certificates, however, in each case, in blank, which were afterwards filled up by the plaintiff. Several of them subsequently requested the court to disallow all the costs claimed by the plaintiff for their fees, except such sums as had been paid to

them, and filed written releases of the plaintiff and the several defendants from liability therefor. The judge thereupon disallowed the taxation for such witnesses, except so far as they had been actually paid. The plaintiff appealed to this court.

*J. Wells,* for the plaintiff, cited Gen. Sts. *c.* 157, § 8; *Farmer* v. *Storer,* 11 Pick. 241; *Bacon* v. *Crandon,* 15 Pick. 79; *Cook* v. *Holmes,* 1 Mass. 295; *Simonds* v. *Center,* 6 Mass. 18; *Jackson* v. *Hoagland,* 1 Wend. 69; *Day* v. *Berkshire Woollen Co.* 1 Gray, 420; *Taylor* v. *Verm. & Mass. Railroad,* Ib. 422, *n.*

*H. Morris,* for the defendant.

HOAR, J. In order to tax the fees of witnesses for travel and attendance in any case, it must appear that their attendance was reasonably and in good faith procured by the party making the taxation; and that they were paid, or actually attended, so as to be entitled to their fees, in the case in question. The certificates required by the statute are competent *prima facie* evidence for the allowance of the amount certified, but are not conclusive. The court must determine whether the certificates are true, or fraudulent or mistaken, if their correctness is disputed; and may decide upon the reasonableness of the conduct of the party as to the number of witnesses, and the length of their attendance, in order to secure good faith, and prevent oppression or reckless expense.

The case at bar shows that the plaintiff was the prevailing party in a large number of actions for an assault and battery. The same witnesses were relied on to support all the actions. They were summoned and paid in only one case. There is no evidence that they were requested to attend, or did actually attend, in any other case; or that there was any agreement, express or implied, between them and the plaintiff, by which they were entitled to fees in any other case, or that they have expected or now expect to receive further compensation, except the certificates on file and signed by them. But it appears that these certificates were signed in blank by the witnesses, and delivered in that condition to the plaintiff or his attorneys, by whom they were filled up with a statement of an amount of travel and attendance, which we think the presiding justice in

the superior court was entirely justified in regarding as fictitious and imaginary. At all events, he was not satisfied with the evidence, and this court can see no cause to question his decision. *Taxation affirmed.*